BANDFIELD v WOOD

Docket No. 67682. Argued April 6, 1983 (Calendar No. 16).—Decided March 19, 1985.

James Bandfield brought an action in the Alger Circuit Court against Donald Wood and certain other employees of Camp Cusino, a small minimum security facility operated by the Department of Corrections, seeking damages for personal injuries suffered as a result of ingesting a liquid given to him by first-aid room personnel at the facility which appeared to be cough syrup, but which contained chemical substances generally found in cleaning fluid. The plaintiff alleged that the defendants were negligent in the supervision of employees and personnel responsible for the first-aid room. The court, William F. Hood, J., granted the defendants' motion for summary judgment on the ground of sovereign immunity. The Court of Appeals, M. F. Cavanagh, P.J., and D. E. Holbrook, Jr., and Piercey, JJ., reversed in an unpublished opinion per curiam, holding that the defendants were engaged in a governmental function, but that the acts or omissions were ministerial rather than discretionary and therefore, not subject to immunity (Docket No. 46237). The defendants appeal.

In an opinion per curiam, signed by Chief Justice Williams, and Justices Levin, Ryan, Brickley, and Boyle, the Supreme Court *held:* · .

The defendants' acts or omissions in supervising the employees and personnel entrusted with the care of the first-aid room which fell short of established procedures were ministerial and thus not protected by governmental immunity.

Affirmed.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John A. Obee* and *John G. Konkel),* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas C. Nelson,* Assistant Attorney General, for the defendants.

PER CURIAM. Plaintiff was an inmate at a small minimum security facility operated by the Department of Corrections. He went to the facility's first-aid room complaining of a cough and was given what appeared to be cough syrup. Plaintiff drank the liquid and suffered injury. Subsequent analysis disclosed that the liquid he drank contained lye or other chemical substances generally found in cleaning fluid. Plaintiff instituted this negligence action against the individual defendants, employees of the Michigan Department of Corrections. We granted leave following the Court of Appeals reversal of the defendants' summary judgment.

Pursuant to the rule announced in the recently decided *Ross v Consumers Power Co,* 420 Mich 567; 363 NW2d 641 (1984), we need only determine whether the activities complained of in the instant case are "discretionary-decisional" or "ministerial-operational."

The Court of Appeals analyzed plaintiff's negligence allegations as follows:

"Plaintiff, in his complaint, alleged that defendants failed to properly supervise the employees and personnel entrusted with the care of the first-aid room. Since this contention can be readily construed as an allegation that defendants' supervisory acts fell short of established procedures, this Court finds that defendants' complained-of acts were ministerial. See *Vargo v Svitchan* [100 Mich App 809, 816; 301 NW2d 1 (1980)], and *Cook [v Bennett,* 94 Mich App 93, 101; 288 NW2d 609 (1979)]. Plaintiff's allegations that defendants breached their duties to keep the first-aid area locked and to see that the medicines were not tampered with can similarly be construed as allegations that defendants neglected to follow established security procedures, and thus that these alleged acts or omissions were ministerial. Therefore, the lower court erred in finding that defendants' acts were protected under governmental

immunity and in granting summary judgment on that basis."

We are in agreement with this analysis and affirm the decision of the Court of Appeals.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, and BOYLE, JJ., concurred.

CAVANAGH and RILEY, JJ., took no part in the decision of this case.