RATHBUN v STARR COMMONWEALTH FOR BOYS

Docket No. 74301. Submitted November 8, 1984, at Grand Rapids.—
Decided September 3, 1985. Leave to appeal applied for.

Plaintiff, Diana Lynn Rathbun, was an employee of defendant
Starr Commonwealth for Boys, a private institution which
housed boys in the custody of the Department of Social Ser-
vices, when she was raped by one of its residents, Troy Wil-
liams, who had been placed in the custody of DSS after a
finding that he had committed second-degree criminal sexual
conduct. Plaintiff brought an action in the Calhoun Circuit
Court against Starr, several of its employees and several em-
ployees of DSS, alleging common-law negligence, intentional
infliction of emotional distress and violations of the federal civil

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Pleading §§ 230 et seq.
  Right to voluntary dismissal of civil action as affected by opponent's
    motion for summary judgment, judgment on the pleadings, or
    directed verdict. 36 ALR3d 1113.
[2] Am Jur 2d, Municipal, School, and State Tort Liability §§ 45 et
    seq.
  Modern status of rule excusing governmental unit from tort liabil-
    ity on theory that only general, not particular, duty was owed
    under circumstances. 38 ALR4th 1194.
[3] Am Jur 2d, Workmen's Compensation §§ 53 et seq.
  See the annotations in the ALR3d/4th Quick Index under topic
    Worker's Compensation § 5.
[4] Am Jur 2d, Workmen's Compensation § 67.
  Right to maintain direct action against fellow employee for injury
    or death covered by workmen's compensation. 21 ALR3d 845.
[5, 8] Am Jur 2d, Civil Rights §§ 16 et seq.
  See the annotations in the ALR3d/4th Quick Index under topic
    Discrimination.
[6] Am Jur 2d, Civil Rights §§ 282 et seq.
  See the annotations in the ALR3d/4th Quick Index under topic
    Discrimination.
[7] Am Jur 2d, Civil Rights §§ 261 et seq.
  See the annotations in the ALR3d/4th Quick Index under topic
    Discrimination.
[9] Am Jur 2d, Pleading §§ 306 et seq.
  See the annotations in the ALR3d/4th Quick Index under topic
    Amendment of Pleadings.

rights act. Plaintiff's complaint alleged that, after Williams's placement in DSS custody, defendant Roberta Porter, a DSS employee, processed an exception request to allow Williams to be placed at defendant Starr. Porter's supervisors, defendants Norman Mixon and others, approved the exception request. According to plaintiff, they failed to follow DSS regulations which required placement of Williams at a facility other than Starr. Plaintiff alleged that Porter negligently processed the exception request for Williams in that Porter failed to obtain full information on Williams and include that information in the exception request and that her supervisors negligently permitted the exception request to be approved. The court, Stanley E. Everett, J., granted summary judgment in favor of all the defendants on the civil rights claims, summary judgment in favor of the state-employed defendants on the common-law negligence claim based on governmental immunity and accelerated judgment in favor of the Starr-employed defendants on the common-law negligence claim based on the exclusive remedy provision of the Worker's Disability Compensation Act. The court further denied plaintiff's motion to amend the complaint. Plaintiff appealed. *Held:*

1. Governmental employees and agents are immune from tort liability only when they are acting during the course of their employment and are acting, or reasonably believe they are acting, within the scope of their authority, acting in good faith, and performing discretionary-decisional, as opposed to ministerial-operational acts. If a particular activity involves personal deliberation, decision, and judgment, it is a discretionary act for which an employee will be immune from tort liability. On the other hand, the execution or implementations of a ministerial act will, if performed in a tortious manner, result in liability. Although the decision to place Williams at Starr was a discretionary one, defendant Porter's acts of placing the proper information on the request form and assuring that adequate information was acquired in processing the exception request were ministerial acts. Further, plaintiff alleges that, under established DSS policy, defendants had no discretion to approve the exception request to send Williams to Starr. The failure to follow established procedures in supervising employees is a ministerial act. Consequently, plaintiff's allegations that the individual state-employed defendants failed to follow established DSS procedures are sufficient to withstand summary judgment for failure to state a claim.

2. An action against a co-employee for personal injuries is barred if both employees were acting in the course of their employment at the time the injury occurred. The court did not

err in granting accelerated judgment in favor of the Starr-employed defendants on the common-law negligence claim based on the exclusive-remedy provision of the Worker's Disability Compensation Act.

3. Starr and its employees were acting under color of state law. However, plaintiff, to impose liability upon a social services agency for its failing to prevent her sexual abuse, must show that the agency acted with deliberate indifference to her rights. Plaintiff's allegations do not indicate a deliberate indifference to her rights on the part of any defendant. The court properly granted summary judgment for defendants in the federal civil rights claim.

4. The court rules provide that leave to amend pleadings be freely given when justice so requires but that leave to amend need not be granted if amendment would be futile. Plaintiff's proposed amendment would not have cured the defects in the pleadings. The court did not err in denying plaintiff's motion to file an amended pleading.

Affirmed in part, reversed in part, and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A motion for summary judgment based on failure to state a claim upon which relief may be granted tests the legal sufficiency of the complaint and is to be evaluated on the pleadings alone, taking as true the factual allegations of the complaint along with any inferences or conclusions which may be fairly drawn therefrom; unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — DISCRETIONARY/MINISTERIAL TEST.

Governmental employees and agents are immune from tort liability only when they are (a) acting during the course of their employment and are acting, or reasonably believe they are acting, within the scope of their authority, (b) acting in good faith, and (c) performing discretionary-decisional, as opposed to ministerial-operational acts, and if a particular activity involves personal deliberation, decision, and judgment, it is a discretionary act for which an employee will be immune from tort liability; if, on the other hand, the execution or implementation of a decision is considered a ministerial act, it will, if performed in a tortious manner, result in liability.

3. WORKERS' COMPENSATION — EXCLUSIVE REMEDY PROVISION.

The existence or nonexistence of a disability is immaterial for

purposes of determining whether the exclusive remedy provision of the Worker's Disability Compensation Act bars an employee's common-law action against his or her employer; if the act covers the kind of injury suffered, its remedy is exclusive even though under the facts of the particular case no compensation is payable because there has been no actual loss of earning capacity (MCL 418.131; MSA 17.237[131]).

4. WORKERS' COMPENSATION — CO-EMPLOYEES — TORTS — DEFENSES.

An action against a co-employee for personal injuries is barred if both employees were acting in the course of their employment at the time the injury occurred.

5. CIVIL RIGHTS — FEDERAL CIVIL RIGHTS ACT — ACTIONS.

42 USC 1983 creates a cause of action for persons who have been deprived of their rights, privileges and immunities under the federal law against the person who has so deprived them when acting under color of state law (42 USC 1983).

6. CIVIL RIGHTS — FEDERAL CIVIL RIGHTS ACT — PARTIES — PRIVATE PARTIES.

A private entity will be considered to have acted under color of state law for the purposes of 42 USC 1983 if it is performing a function which is essentially and traditionally public (42 USC 1983).

7. CIVIL RIGHTS — FEDERAL CIVIL RIGHTS ACT — ACTIONS — STATE OF MIND.

The alleged wrongdoer's state of mind while not a prerequisite may be relevant in determining whether a federal constitutional right has been violated for purposes of actions brought under 42 USC 1983 (42 USC 1983).

8. CIVIL RIGHTS — ACTIONS — FEDERAL CIVIL RIGHTS ACT — SOCIAL SERVICE AGENCIES.

A plaintiff, to impose liability upon a social services agency for its failing to prevent her sexual abuse, must show that the agency acted with deliberate indifference to her rights.

9. PLEADING — AMENDMENT OF PLEADINGS — APPEAL — COURT RULES.

The court rules provide that leave to amend pleadings be freely given when justice so requires but that leave to amend need not be granted if amendment would be futile; the grant or denial of a motion to amend pleadings will not be disturbed on appeal absent an abuse of discretion (GCR 1963, 118.1).

*Bishop & Shelton, P.C. (by Thomas H. Blaske),*

and *Blaske & Blaske, P.C.* (by *E. Robert Blaske),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Christopher D. Dobyns,* Assistants Attorney General, for the state-employed defendants.

Before: R. B. BURNS, P.J., and ALLEN and T. L. BROWN,* JJ.

T. L. BROWN, J. Plaintiff commenced this action against defendants based on theories of common-law negligence, intentional infliction of emotional distress, and 42 USC 1983 and 1985. Plaintiff seeks to recover for damages she suffered on August 6, 1980, as a result of being raped by a resident, Troy Williams, of defendant Starr Commonwealth for Boys (Starr), while she was employed by Starr. The trial court summarily disposed of all of plaintiff's claims except for the claim of intentional infliction of emotional distress against defendants Ness, McCauley and Barthel, who were employed by Starr at the time of this incident. The trial judge also denied plaintiff's motion to file a second amended complaint to assert a claim under 42 USC 1983 and 1985. Plaintiff appeals as of right.

I

Plaintiff argues that the trial court erred by granting summary judgment under GCR 1963, 117.2(1) in favor of defendants Porter, Mixon, Whittington, Katzman, Patterson, and Little on plaintiff's claims of common-law negligence based on governmental immunity. A motion based on GCR 1963, 117.2(1) [now MCR 2.116(C)(8)] for fail-

* Circuit judge, sitting on the Court of Appeals by assignment.

ure to state a claim is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported. Unless a claim is so clearly unenforceable as a matter of law that no factual development can possible justify a right to recover, a motion under this subrule should be denied. *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978).

In her complaint, plaintiff averred that Troy Williams was placed in the custody of the Michigan Department of Social Services (DSS) by the probate court after the court determined that Williams had committed second-degree criminal sexual conduct. Defendant Porter, a DSS employee, processed an exception request to allow Williams to be placed at defendant Starr. Porter's supervisors, defendants Mixon, Whittington, Katzman, Patterson, and Little, approved the exception request. According to plaintiff, they failed to follow DSS regulations which required placement of Williams at a facility other than Starr. Plaintiff alleged that Porter negligently processed the exception request for Williams in that Porter failed to obtain full information on Williams and include that information in the exception request and that defendants Mixon, Wittington, Katzman, Patterson, and Little negligently permitted the exception request to be approved.

The trial court held that the State-employed defendants are immune from liability for the common-law claims of negligence as they were acting within the scope of their employment in carrying out a governmental function in deciding to place Williams at Starr. At the time of the trial court's ruling, there was a split of authority on whether the "discretionary/ministerial" or the "scope of employment" test was the proper standard to apply when determining whether government em-

ployees are immune from tort actions. In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 633-634; 363 NW2d 641 (1984), the Supreme Court rejected the scope of employment test and adopted the discretionary/ministerial test for determining individual immunity. Under this test, the Supreme Court set forth the following parameters:

"Judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their respective judicial, legislative or executive authority. Lower level officers, employees, and agents are immune from tort liability only when they are

"a) acting during the course of their employment and are acting, or reasonable believe they are acting, within the scope of their authority;

"b) acting in good faith; and

"c) performing discretionary-decisional, as opposed to ministerial-operational, acts." 420 Mich 592.

In defining discretionary and ministerial acts, the Court transformed these words into the hyphenated "discretionary-decisional" and "ministerial-operational" form. If a particular activity involves personal deliberation, decision, and judgment, it will be considered a discretionary act for which an employee will be immune from tort liability. On the other hand, the execution or implementation of a decision is considered a ministerial act which, if performed in a tortious manner, will result in liability. 420 Mich 634-635.

We conclude that, although the decision to place Williams at Starr was a discretionary one, defendant Porter's acts of placing the proper information on the request form and assuring that adequate information was acquired in processing the exception request were ministerial acts. Moreover,

plaintiff does not allege that defendants Mixon, Whittington, Katzman, Patterson, and Little, individually, made a decision that Williams should be placed at Starr. Rather, plaintiff alleges that, under established DSS policy, defendants had no discretion to approve the exception request to send Williams to Starr. The failure to follow established procedures in supervising employees is a ministerial act. *Bandfield v Wood,* 421 Mich 774; 364 NW2d 280 (1985). Consequently, we also conclude that plaintiff's allegations that the individual state-employed defendants failed to follow established DSS procedures are sufficient to withstand summary judgment under GCR 1963, 117.2(1). Based on the foregoing, summary judgment for the individual state-employed defendants is, therefore, reversed.

## II

Plaintiff also contends that the trial court erred in granting accelerated judgment under GCR 1963, 116.1(5) to Starr and Starr-employed defendants Ness, McCauley, and Barthel as to her claim of common-law negligence based on the exclusive-remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131; MSA 17.237(131). Plaintiff argues that the exclusivity provision of the WDCA does not apply because the rape did not arise out of her employment, but out of Starr's breach of its common-law duty to keep its premises safe. Moreover, plaintiff also argues that the exclusivity provision does not apply because plaintiff was not entitled to workers' compensation since she was not incapacitated from earning full wages for at least one week.

The trial judge's conclusion that the exclusive remedy provision of the WDCA bars plaintiff's

negligence action is supported by *McKinley v Holiday Inn,* 115 Mich App 160; 320 NW2d 329 (1982), *lv den* 417 Mich 890 (1983). Although plaintiff does not allege that the rape occurred while in the course of her employment but while she was "lawfully on the premises" of Starr, there is no dispute that her personal injuries were sustained during working hours and while plaintiff was performing the duties for which she was employed by Starr. As in *McKinley,* where the plaintiff while working as a maid at the Holiday Inn was assaulted and raped by one of the guests at the motel, the rape of plaintiff arose during the course of her employment. This makes the WDCA plaintiff's exclusive remedy against defendant Starr. The fact that a plaintiff may not actually be entitled to receive compensation benefits does not give her the right to maintain a common-law action. *McKinley, supra,* pp 162-163.

Plaintiff's claims of common-law negligence against the individual Starr-employed defendants are also barred because the acts and omissions of these defendants complained of by plaintiff occurred during the course of their employment. See *Schwartz v Golden,* 126 Mich App 790; 338 NW2d 218 (1983). Consequently, the trial judge's award of accelerated judgment in favor of Starr and the Starr-employed defendants on plaintiff's claims of common-law negligence is affirmed.

### III

Plaintiff contends that the trial judge erred in granting summary judgment under GCR 1963, 117.2(1) on her claim under 42 USC 1983. Plaintiff alleges violations of her rights to liberty, privacy, travel, and other rights guaranteed under the United States Constitution.

Plaintiff argues that the first amended complaint alleged sufficient facts to indicate that Starr and the Starr-employed defendants were reckless, grossly negligent, or acted with deliberate and conscious indifference to plaintiff's rights by accepting Willimas at Starr and failing to maintain proper control over him even though they knew of his numerous acts of volence and assault, especially toward females. Plaintiff further argues that defendant Starr is liable for the actions of its employees under the doctrine of *respondeat superior.*

42 USC 1983 creates a cause of action for persons who have been deprived of their rights, privileges and immunities under the federal law against the person who has so deprived them when acting under color of state law. In *Parratt v Taylor,* 451 US 527, 535; 101 S Ct 1908; 68 L Ed 2d 420 (1981), the United States Supreme Court broke the statute down into two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct must have deprived the complaining person of rights, privileges or immunity secured by the constitution or laws of the United States.

Starr is a private corporation which provides housing and supervision for young men who are in the custody of the DSS for violating the state's juvenile code. A private entity will be considered to have acted under color of state law for the purposes of 42 USC 1983 if it is performing a function which is essentially and traditionally public. *Perex v Sugarman,* 499 F2d 761, 765 (CA 2, 1974). In the present case, as in *Perez,* where private child-caring institutions were considered to be acting under color of state law, Starr and its employees were acting under color of state law.

The statute (42 USC 1983) does not specifically set forth the requirement that the wrongdoer have a certain state of mind. The statute does not limit its application solely to intentional deprivations of constitutional rights. *Parratt,* 451 US 535. However, the alleged wrongdoer's state of mind has been considered relevant in determining whether a federal constitutional right has been violated. For instance, in *Estelle v Gamble,* 429 US 97; 97 S Ct 285; 50 L Ed 2d 251 (1976), the United States Supreme Court considered the culpability of prison officials relevant in determining whether a prisoner who was given inadequate medical treatment had been subjected to cruel and unusual punishment in violation of US Const, Am VIII. In *Estelle,* the Court reasoned that negligent medical treatment of a prisoner does not state a valid claim of cruel and unusual punishment. However, if the prisoner alleges "acts or omissions sufficiently harmful to evidence delibrerate indifference to serious medical needs", the allegations will support a claim that the Eighth Amendment has been violated. *Estelle,* 429 US 106.

In *Doe v New York City Dep't of Social Services,* 649 F2d 134, 141 (CA 2, 1981), it was held that, to impose liability upon a social services agency for failing to prevent sexual abuse of the plaintiff, she had to show that the agency acted with deliberate indifference to her rights. In *Gullatte v Potts,* 654 F2d 1007 (CA 5, 1981), the deliberate or reckless indifference standard was explained as requiring that the defendant:

"either actually intended to do harm to the plaintiff, or took an action which, although not intended to do harm, was so likely to produce injury that the harm can be characterized as substantially certain to result." *Gullatte, supra,* p 1013, citing *Bogard v Cook,* 586 F2d 399, 412 (CA 5, 1978).

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal sufficiency of the pleadings. If the claim is so unenforceable as a matter of law that no factual development could justify recovery, the motion should be granted. *Romeo v Van Otterloo*, 117 Mich App 333, 337; 323 NW2d 693 (1982). Plaintiff, in her complaint, does not allege that Starr or its employees acted with deliberate or reckless indifference to plaintiff's federal constitutional rights. Plaintiff claims that Starr and its employees became aware that Williams could not be controlled, that he was violent and that he presented a threat to the physical well-being of the people around him. Plaintiff further claims that defendants knew that Williams was committed to their custody because of criminal sexual conduct and that, in spite of their knowledge of his potential for violence, his background of sexual assault, and their inability to control him, defendant Barthel, who was charged to guard Williams, left him unattended. This is not sufficient to support a finding that these defendants acted with deliberate indifference, that they actually intended to harm the plaintiff, or that the action they took was substantially certain to result in the injury that occurred. *Gullatte, supra.* Thus, the trial judge's award of summary judgment to Starr and its employees pursuant to GCR 1963, 117.2(1), as to the civil rights claims is affirmed.

Plaintiff also argues that the trial court erroneously granted summary judgment to the state-employed defendants as to plaintiff's claim under 42 USC 1983. Plaintiff contends that these defendants deliberately or recklessly disregarded plaintiff's rights by permitting Williams to be placed at Starr without obtaining complete information on him and contrary to DSS policy. Plaintiff further contends that these defendants knew of should have

known that Starr would not be able to control Williams and that he was a threat because of his history of violent and assaultive behavior.

The alleged failure of the state-employed defendants to follow the state's rules and regulations does not constitute a deprivation of plaintiff's federal rights. *Gryger v Burke,* 334 US 728; 68 S Ct 1256; 92 L Ed 1683 (1948); *Snowden V Huges,* 321 US 1; 64 S Ct 397; 88 L Ed 497 (1944). Defendants must have acted with deliberate or reckless indifference to plaintiff's federal constitutional rights in placing Williams at Starr to be held liable under 42 USC 1983.

The cases of *Westlake v Lucas,* 537 F2d 857 (CA 6, 1976), and *Redmond v Baxley,* 475 F Supp 1111 (ED Mich, 1979), involved defendants who were much more culpable than the state-employed defendants in this case. Although direct involvement in an assault is not necessary, *Redmond, supra,* p 1115, the proximity of a defendant to the actual assault is relevant to determining whether he has sufficient culpability. The more involvement the defendant has with the assailant, the more knowledge and ability to prevent the assault he has. In *Redmond,* the Director of the State Department of Corrections, who had been the warden of the prison where the plaintiff inmate was raped, had knowledge of numerous complaints of rape in the prison's infirmary, where the rape of the plaintiff occurred. In addition, he had knowledge of the inadequacy of the security at the infirmary. These facts were sufficient to show that the rape was substantially likely to occur. In contrast, the facts alleged by plaintiff do not indicate it was substantially likely that Williams would commit a rape. His case history, although indicative of a possibility that he would commit a sexual assault, did not indicate that an assault was substantially likely to

occur. Similarly, in *Westlake, supra,* the prisoner was denied medical treatment even though there was an obvious need for such treatment. In that case, the harm to the prisoner was substantially likely to occur. However, in the present case, the facts do not indicate that the state-employed defendants should have known that a sexual assault by Williams was substantially likely to occur.

Accordingly, the trial judge's award of summary judgment to the state-employed defendants on plaintiff's claim under 42 USC 1983 is affirmed.

## IV

Plaintiff contends that the trial court improperly denied her motion to file a second amended complaint. A trial court's denial of a motion to amend pleadings should not be reversed unless there has been an abuse of discretion. *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349, 353; 282 NW2d 317 (1979). While GCR 1963, 118.1 provides that leave to amend pleadings "shall be freely given when justice so requires", leave to amend need not be granted if amendment would be futile. *Ben P Fyke & Sons v Gunter Co.* 390 Mich 649, 660; 213 NW 2d 134 (1973).

In her proposed second amended complaint, plaintiff did not include any additional factual allegations to support the conclusory statements that defendants acted with deliberate and reckless indifference to plaintiff's rights by placing Williams at Starr. Because this state of mind is necessary to constitute the deprivation of a federal constitutional right, the facts showing that the wrongdoer had this degree of culpability must be set forth with specificity. *Gittlemacker v Prasse,* 428 F2d 1 (CA 3, 1970). The facts alleged by

plaintiff do not sufficiently state a cause of action because they do not indicate that defendants were acting with deliberate or reckless indifference to plaintiff's rights. The facts alleged indicate only ordinary negligence and do not state facts which constitute deliberate or reckless indifference to plaintiff's rights. Because the proposed second amended complaint does not state a valid cause of action under 42 USC 1983, the filing would have been futile and the trial judge properly denied plaintiff's motion for leave to file the second amended complaint.

The trial court's orders are affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings on plaintiff's claims of intentional infliction of emotional distress against Starr-employed defendants Ness, McCauley and Barthel, and on plaintiff's claims of common-law negligence against state-employed defendants Porter, Mixon, Whittington, Katzman, Patterson and Little.

Affirmed in part, reversed in part, and remanded.