BROWN v NORTHVILLE REGIONAL PSYCHIATRIC HOSPITAL

Docket No. 83307. Submitted December 4, 1985, at Detroit. Decided April 11, 1986.

Plaintiff, Leola Brown, individually and as personal representative of the estate of Grover C. Brown, Jr., deceased, brought an action in the Wayne Circuit Court against Northville Regional Psychiatric Hospital and John Reynolds, Director of Northville, the Michigan Department of Mental Health and C. Patrick Babcock, Director of the Department of Mental Health, and Pill Sang Yoo, M.D., Romeo Flores, M.D., Ernest J. Travis, Ph.D., and Madge Cline, M.S.W. Plaintiff's complaint alleged that the defendants committed professional malpractice which resulted in the decedent's death. The Department of Mental Health and its director and Northville and its director were granted an accelerated judgment from which the plaintiff does not appeal. The trial court, John H. Gillis, Jr., J., granted an order for summary judgment in favor of the individual defendants, Yoo, Flores, Travis and Cline, holding that plaintiff had failed to plead facts in avoidance of governmental immunity in regard to those defendants, who are two doctors, a psychologist and a social worker who treated the decedent at Northville prior to his discharge and death. Plaintiff appeals from that order. *Held:*

1. Plaintiff's first allegation of negligence challenges discretionary acts. The medical decision to discontinue treatment and how best to carry it out are discretionary acts protected by immunity. Plaintiff has not alleged that these decisions were negligently executed. Because plaintiff has merely alleged negligent medical decision making, summary judgment for the

REFERENCES

Am Jur 2d, Appeal and Error §§ 17 et seq., § 988.

Am Jur 2d, Pleading §§ 230 et seq.

Am Jur 2d, Public Officers and Employees §§ 358-363.

Federal Tort Claims Act: When is government officer or employee "acting within the scope of his office or employment" for purpose of determining government liability under 28 USC § 1346(b). 6 ALR Fed 373.

See also the annotations in the ALR3d/4th Quick Index under Public Officers and Employees.

individual defendants on plaintiff's allegations of negligent discharge, negligent failure to transfer and negligent failure to prescribe medication was proper.

2. Summary judgment was improperly granted as to plaintiff's second allegation, that the individual defendants failed to follow rules and procedures for discharging a patient. Defendants' actions in this regard were merely procedural and in execution of the decision to discharge and thus were ministerial in nature.

3. Error requiring reversal was not found in regard to the trial court's granting of the individual defendants' motion for rehearing or reconsideration of their summary judgment motion.

4. The Court of Appeals noted that its decision does not foreclose later motions for summary disposition under MCR 2.116(C)(10) after completion of discovery.

Affirmed in part, reversed in part and remanded for trial on the remaining issues.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted tests the legal basis of the complaint, not whether it can be factually supported; the motion is tested by the pleadings alone and may not be granted unless a claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENT EMPLOYEES.

Public employees are immune from tort liability only when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts.

3. GOVERNMENTAL IMMUNITY — MINISTERIAL ACTS — DISCRETIONARY DECISIONS.

The distinction between a "discretionary" act and a "ministerial" act is that the former involves significant decision making while the latter involves the execution of a decision and might entail some minor decision making.

4. GOVERNMENTAL IMMUNITY — DISCRETIONARY DECISIONS — MEDICAL DECISIONS.

Medical decision making is inherently a discretionary process;

however, execution of those medical decisions is a ministerial act.

5. APPEAL — MOTIONS AND ORDERS — PRESERVING QUESTION.

An objection to a trial court's ruling on a motion is not preserved for appellate review where it was not raised as an objection in the trial court.

6. MOTIONS AND ORDERS — REHEARINGS — COURT RULES.

The court rule regarding motions for rehearing or reconsideration does not restrict the discretion of the trial judge to reconsider motions where he later determines that he or his predecessor made a serious error, based on an intervening change in the law or otherwise (MCR 2.119[F][3]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Mark S. Meadows,* Assistant Attorneys General, for defendants.

Before: MACKENZIE, P.J., and D. F. WALSH and SHEPHERD, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's summary judgment order in favor of defendants Pill Sang Yoo, Romeo Flores, Ernest Travis and Madge Cline. Those defendants are two doctors, a psychologist and a social worker who treated the decedent at defendant Northville Regional Psychiatric Hospital prior to his discharge and death. Wayne Circuit Court Judge John H. Gillis, Jr., held that plaintiff had failed to plead facts in avoidance of governmental immunity. GCR 1963, 117.2(1). Judge Harold Ryan, who had the case on his docket before his retirement, had denied the same motion two years earlier. Defendants Michigan Department of Mental Health, Northville Regional Psychiatric Hospital, C. Patrick Babcock, Director of the Department of Mental Health, and John Reynolds, Director of North-

ville, had been previously granted an accelerated judgment and that order is not at issue on appeal.[1] We reverse the summary judgment order in part and, as to the individual defendants Yoo, Flores, Travis and Cline, remand for further proceedings.

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal basis of the complaint, not whether it can be factually supported. The motion is tested by the pleadings alone and may not be granted unless a claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Rathbun v Starr Commonwealth for Boys,* 145 Mich App 303, 307-308; 377 NW2d 872 (1985). Although defendants suggest on appeal that plaintiff cannot factually support her claim and point to certain documents and depositional testimony in support of their position, defendants' motion was brought under GCR 1963, 117.2(1) and must be judged on the basis of the pleadings alone.

In her complaint plaintiff alleged that on July 28, 1981, she filed a petition in the Wayne County Probate Court requesting treatment for decedent, her son, because he was suffering from schizophrenia. That same day decedent was examined at the Detroit Receiving Hospital pursuant to court order and diagnosed as suffering from chronic undifferentiated schizophrenia. The following day decedent was transferred to Northville Regional Psychiatric Hospital where he was treated by the individual defendants. On August 6, 1981, the probate court

[1] Although the summary judgment order purported to include the four previously-dismissed defendants (the Department of Mental Health and its director and Northville and its director) and plaintiff's claim of appeal states that these defendants are included in this appeal, plaintiff's brief on appeal seeks relief from the summary judgment order only as against the individual defendants who treated decedent and, accordingly, we will consider whether governmental immunity bars plaintiff's claim with respect to these latter defendants only.

ordered decedent admitted to Northville for sixty days.

According to the complaint, defendant Yoo suggested to decedent that he could receive treatment at the VA Hospital, rather than Northville. On August 13, 1981, defendant Travis saw decedent and suggested that decedent was ready to be discharged. On August 14, 1981, plaintiff came to visit decedent and discovered that defendants were discharging him without his medication or a prescription for his medication, with instructions that he should go to the VA Hospital because he could get governmental benefits. On August 15, 1981, decedent was found dead in a hotel of an apparent narcotics overdose.

The complaint alleges that defendants Yoo, Flores, Travis and Cline had all treated decedent and had committed professional malpractice. With minor variations, plaintiff alleged that defendants Yoo and Flores, both psychiatrists, had departed from the applicable standard of care in the following ways:

> a. Failure to treat plaintiff's decedent, and/or to recognize that the deceased was not suitable for separation from a hospital setting.
> b. Failure to transfer or recommend to his superiors to transfer the deceased to the Veterans Administrative Hospital in order to continue necessary treatment and hospitalization.
> c. Failure to discharge plaintiff's decedent with his medication or prescription for his medication, or failure to authorize, instruct and/or recommend the discharge of plaintiff's decedent with his medication to prevent him from becoming a serious threat to himself or others.
> d. Failure to follow the appropriate rules for the discharge of patients, including but not limited to discharge examination, notice to the court, plaintiff and other interested individuals to determine

whether the deceased continued to require hospitalization.

e. Suggesting to a patient who continues to require treatment, namely Grover Cleveland Brown, Jr., that he could receive treatment at another hospital under veterans benefits and encouraging or acquiescing in a discharge for that purpose.

The counts against defendant Travis, a psychologist, and defendant Cline, a social worker, did not include paragraph c above, but were otherwise substantially the same, except that the counts against Travis did include the additional following alleged breach:

c. Failure to follow the ethical standards promulgated by the Department of Mental Health and/or the American Psychological Association, in violation of MCL 338.1001.

The trial court's ruling that plaintiff failed to plead facts in avoidance of governmental immunity was made without the benefit of the Supreme Court's recent opinion in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). Thus, to the extent that our application of *Ross* dictates a different result, we cannot say that the trial court "erred," given the confused state of the pre-*Ross* case law. *Tobias v Phelps,* 144 Mich App 272, 279; 375 NW2d 365 (1985), lv den 424 Mich 859 (1985).

Under *Ross,* defendants are immune from tort liability if they were

1) acting during the course of their employment and acting, or reasonably believe[d] they [were] acting, within the scope of their authority;

2) acting in good faith; and

3) performing discretionary, as opposed to ministerial acts. [420 Mich 633-634.]

Plaintiff admittedly does not claim that defendants were acting outside the scope of their authority or employment or that they were acting in bad faith. Rather plaintiff contends that defendants were engaged in "ministerial-operational" acts as opposed to "discretionary-decisional" acts.

The Supreme Court explained the difference in *Ross, supra,* pp 634-635:

> "Ministerial" acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. . . . We believe that this definition is not sufficiently broad. *An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act,* which must be performed in a nontortious manner. In a nutshell, *the distinction between "discretionary" and "ministerial" acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making.* Here too, for clarity, we would add the word "operational" so the operative term would be "ministerial-operational" acts.
>
> Many individuals are given some measure of discretionary authority in order to perform their duties effectively. Therefore, to determine the existence and scope of the individual's immunity from tort liability in a particular situation, *the specific acts complained of, rather than the general nature of the activity, must be examined.* The ultimate goal is to afford the officer, employee, or agent enough freedom to decide the best method of carrying out his or her duties, while ensuring that the goal is realized in a conscientious manner. [Emphasis added, citation omitted.]

As we stated in *Tobias, supra,* p 281, medical decisions are discretionary in nature, while "execution" of those decisions is a ministerial act. See also *Bandfield v Wood,* 421 Mich 774; 364 NW2d 280 (1985); *Rathbun, supra,* pp 309-310. Thus, decisions made by defendants concerning diagnosis, course of treatment, and discharge or transfer of a patient are discretionary and protected by governmental immunity. So too under *Ross,* the decision of how best to carry out the discharge, either by outright discharge or transfer to another hospital and with or without medication, is discretionary. However, the execution of those decisions is a ministerial act. Once a decision to discharge a patient and the best method to carry it out is made, the decision must be properly executed. For example, if the decision is made to discharge a patient with medication, a subsequent discharge without medication is a ministerial act which is not protected by governmental immunity. Also, if a clearly established rule or standard exists requiring that the discharge of a patient in the circumstances of the decedent Brown be accompanied by medication and if through oversight, inattention or other negligence, no medication is administered, this would be a negligent ministerial act not immune under *Ross.* We wish to emphasize, however, that if the decision to administer medication and the nature of the medication and dosage require the exercise of medical judgment, those decisions are viewed by *Ross* as being discretionary.

Plaintiff's complaint in the present case can be read as alleging that defendants were negligent in 1) deciding to discontinue treatment and deciding that such discontinuation would be best carried out by discharge, without transfer, and without medication, and 2) failing to follow exisitng rules and proper procedures when discharging decedent.

In the first allegation, plaintiff is challenging discretionary acts. The medical decision to discontinue treatment and how best to carry it out, i.e., by discharge, without transfer and without medication, are discretionary acts protected by immunity. Plaintiff has not alleged that these decisions were negligently executed. Because plaintiff has merely alleged negligent medical decision making, summary judgment for the individual defendants on plaintiff's allegations of negligent discharge, negligent failure to transfer and negligent failure to prescribe medication was proper.

However, summary judgment was improperly granted as to plaintiff's allegations that the individual defendants failed to follow rules and procedures for discharging a patient. Defendants' actions in this regard were merely procedural and in execution of the decision to discharge and thus were ministerial in nature. See *Regulski v Murphy,* 420 Mich 567, 648-651; 363 NW2d 641 (1984), and *Bandfield, supra.*

Plaintiff also argues on appeal that defendants' motion for rehearing or reconsideration of the earlier summary judgment motion originally denied by Judge Ryan was not brought before Judge Gillis in accordance with WCCR 119.8, which provides that a delayed motion for a rehearing "will be considered only on showing of merit and nonculpable negligence for the delay." See also MCR 2.119(F). Not only is this issue not properly before this Court, since it was not raised as an objection to defendants' motion below, but as a practical matter we would be faced with the governmental immunity issue after the trial and at much greater expense and waste of time to the courts and the parties if we were to decline to consider it at this stage of the proceedings merely because the motion for reconsideration was not timely brought.

MCR 2.119 states in part:

> (F) Motions for Rehearing or Reconsideration.
>
> *   *   *
>
> (3) *Generally, and without restricting the discretion of the court,* a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [Emphasis added.]

Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2-119, p 537 states:

> . . . It is hard to give literal application to this language—for example, it would seem unlikely that the original losing party was "misled" and irrelevant that the original winning party was misled. Instead, the language, taken as a whole, can be interpreted as an expression of great reluctance to entertain or grant motions for reconsideration. Nonetheless, it would be a strange result to perpetuate an error on the grounds that it was not "palpable" or more generally upon a reluctance to reconsider issues (especially when the same error, if not harmless, would presumably be subject to correction on appeal, but at much greater expense).

We read this provision governing rehearings as not restricting the discretion of the trial judge to reconsider motions where he later determines that he or his predecessor made a serious error, based on an intervening change in the law or otherwise. Once the matter comes before us, we too must take intervening changes in the law into account

and rule accordingly. That our views differ from those of the trial judge has nothing to do with the issue of whether and when the matter should be considered.

We reverse in part the grant of summary judgment as to these individual defendants (Yoo, Flores, Travis and Cline) and remand for further proceedings. Our decision does not foreclose later motions for summary disposition under MCR 2.116(C)(10) after completion of discovery.

Affirmed in part, reversed in part and remanded for trial on the remaining issues.