HYMAN v GREEN

Docket No. 92143. Submitted December 4, 1986, at Lansing. Decided February 3, 1987.

Plaintiff, Michael Hyman, individually and as next friend of Jason Hyman, a minor, brought an action in the Oakland Circuit Court against James Green and West Bloomfield Schools for damages for injuries sustained by Jason Hyman during a physical education class taught by Green at West Bloomfield High School. A key allegation in plaintiff's complaint was that Green had failed to adequately supervise and instruct his class. Defendants moved for summary disposition based on a claim of governmental immunity. The trial court, Robert C. Anderson, J., granted defendants' motion. Plaintiff appealed from the order of dismissal in regard to James Green.

The Court of Appeals *held:*

A physical education instructor's supervision, or nonsupervision, of his students constitutes a ministerial act. Thus, where a student is injured because his instructor failed to adequately supervise the class, the instructor may be held liable in tort and the defense of governmental immunity is not available. The trial court erred in granting summary disposition in favor of James Green.

The trial court's order is reversed in regard to James Green and remanded for further proceedings.

GOVERNMENTAL IMMUNITY — SCHOOLS — SUPERVISION OF STUDENTS.

A public school physical education instructor's supervision, or nonsupervision, of his students constitutes a ministerial act; the instructor may be held liable in tort and the defense of governmental immunity is not available where a student is injured because the instructor failed to adequately supervise his class.

*Warren H. Siegel,* for plaintiff.

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability § 74.

Tort liability of public schools and institutions of higher learning for injuries resulting from lack or insufficiency of supervision. 38 ALR3d 830.

*Charlton & Bershad* (by *Thomas A. Golden*), for James Green.

Before: BEASLEY, P.J., and R. B. BURNS and G. D. LOSTRACCO,\* JJ.

PER CURIAM. According to plaintiff's allegations, Jason Hyman was a ninth grade student at West Bloomfield High School and his first hour class was physical education. On the morning of October 3, 1983, Jason's physical education instructor, defendant Green, had his students play touch football. During the football game, Jason was tackled and thrown to the ground, sustaining allegedly serious injuries.

Plaintiff thereafter filed a complaint in Oakland Circuit Court, alleging that Green failed to adequately supervise and instruct the class and failed to intervene when the players began to use excessive force. Specifically, plaintiff alleges that Green absented himself from the playing field, reading the morning newspaper rather than supervising the football game. Plaintiff also alleges that proper equipment was not provided and that Green failed to properly attend to Jason's injuries after the incident.

Defendants thereafter moved for summary disposition, under MCR 2.116(C)(7) and (8), for the reason that they were immune from suit as a result of governmental immunity. Plaintiff answered, admitting that defendant West Bloomfield Schools was entitled to immunity, but denying that defendant Green was so entitled. The trial court granted defendants' motion. Plaintiff now appeals from the order of dismissal in regard to

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

James Green and we reverse in regard to James Green.

This case is controlled by *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). In a companion case to *Ross, Regulski v Murphy*, the Court considered the immunity of instructors and a school district. *Regulski* involved a shop class wherein the students engaged in the building of a house. The plaintiff was injured when a nail struck him in the eye. The Supreme Court held that, while the school district was entitled to governmental immunity, the individual defendants were not.

> Plaintiff has not alleged that the individual defendants were negligent in offering the class, allowing him to participate, or deciding where and when to conduct the class. Such acts are discretionary-decisional in nature. Instead, plaintiff alleged that defendants were negligent in instructing, warning, and supervising him. Although some decision-making is involved in these activities, it is relatively minor. Instruction and supervision are essentially ministerial-operational activities for which there is no immunity from tort liability. [*Ross, supra* at 650-651.]

Similarly, in *Bandfield v Wood*, 421 Mich 774; 364 NW2d 280 (1985), the Court held that individual employees of the Department of Corrections were not entitled to governmental immunity where they allegedly failed to supervise a prison first-aid room. In *Bandfield*, an inmate was poisoned after taking cough syrup that had been contaminated. The Court concluded that the individual defendants' supervisory acts were ministerial and not protected by governmental immunity.

In the case at bar, we hold that a physical education instructor's supervision, or nonsupervi-

sion, of his students constitutes a ministerial act. Thus, where a student is injured because his instructor failed to adequately supervise the class, the instructor may be held liable in tort and the defense of governmental immunity is not available.[1] Accordingly, the trial court erred in granting summary disposition in favor of defendant Green.

The trial court's order is reversed in regard to James Green and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. Costs to plaintiff.

[1] We should, however, point out that Green's liability is not predicated upon his exercise of discretion in choosing touch football as a class exercise. While the issue is not before us, since plaintiff does not predicate liability based upon the decision to have the class play football, it is likely that the decision is discretionary in nature and is protected by governmental immunity. See *Ross, supra* at 650-651 (decision to offer a class is discretionary-decisional in nature). However, once football was chosen, Green's instruction and supervision of the game was ministerial-operational in nature. *Id.*