SAYLES v BAUGHMAN

Docket No. 89852. Submitted October 15, 1986, at Detroit. Decided
    September 10, 1987. Leave to appeal applied for.

    Alice Sayles filed a medical malpractice action against Pontiac
    General Hospital and Dr. R. Baughman, M.D., in Oakland
    Circuit Court alleging that she suffered permanent injury when
    Dr. Baughman negligently retracted a wound opening during
    surgery plaintiff was undergoing. The court, Hilda R. Gage, J.,
    granted summary disposition in favor of defendants on the
    ground of governmental immunity because Pontiac General
    Hospital is wholly owned and operated by the City of Pontiac
    as a nonprofit organization and Dr. Baughman was a resident
    doctor at the hospital. Plaintiff appealed the trial court's deci-
    sion that Dr. Baughman was entitled to immunity.

    The Court of Appeals held:

    The dispositive issue in determining Dr. Baughman's liability
    is whether his surgical assistance amounted to a discretionary,
    as opposed to a ministerial, act. Immunity may apply to discre-
    tionary acts, but not to ministerial acts. Plaintiff alleges that
    her surgery was improperly executed by Dr. Baughman, not
    that the decision to perform surgery was negligent. The execu-
    tion of medical decisions is a ministerial act, to which immu-
    nity does not apply. Because the act complained of was the
    execution of a surgical procedure, a ministerial act, defendant
    Baughman is not entitled to immunity.

    Reversed and remanded for further proceedings.

GOVERNMENTAL IMMUNITY — DISCRETIONARY DECISIONS — MEDICAL
    DECISIONS — MINISTERIAL ACTS.

    Medical decision making is inherently a discretionary process for
    which the decision maker may be entitled to immunity from
    tort liability under the governmental tort liability act; execu-
    tion of those medical decisions however is a ministerial act for
    which such immunity is unavailable (MCL 691.1407; MSA
    3.996[107]).

REFERENCES

Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.

State's immunity from tort liability as dependent on governmental
    or proprietary nature of function. 40 ALR2d 927.

*Law Offices of George Constantine* (by *Helen K. Joyner*), for plaintiff.

*Martin, Bacon & Martin, P.C.* (by *John W. Crimando*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff, Alice Sayles, filed a medical malpractice action in Oakland Circuit Court against defendants Pontiac General Hospital and Dr. R. Baughman, M.D. The trial court granted summary disposition in favor of defendants. Plaintiff concedes that summary disposition was properly granted as to the hospital, but appeals as of right the summary disposition granted in favor of Dr. Baughman. We reverse and remand for further proceedings.

A motion for summary disposition under MCR 2.116 (C)(8), formerly GCR 1963, 117.2(1), tests the legal basis of the complaint. The motion should be granted when, viewing the pleadings, the claim is clearly unenforceable as a matter of law because no factual development can possibly justify a right to recover. *Brown v Northville Regional Psychiatric Hospital,* 153 Mich App 300, 303; 395 NW2d 18 (1986).

In her complaint, plaintiff alleged that, on July 15, 1982, she entered Pontiac General Hospital, which is wholly owned and operated by the City of Pontiac as a nonprofit organization. Plaintiff underwent surgery which necessitated an excision. Plaintiff's doctor, Lynn R. Howell, who performed the surgery, was assisted by three resident doctors, including defendant. (Defendants Vyhmeister and Clark were dismissed for lack of timely service of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

process.) Plaintiff alleges that, once her doctor had performed the surgery, he had defendant Baughman, an assisting resident doctor, retract her wound opening. Plaintiff contends that defendant was negligent in retracting the wound, causing plaintiff permanent damage.

Plaintiff's sole argument on appeal is that the trial court erred in finding that defendant was immune from tort liability and that defendant's participation in plaintiff's surgery did not constitute a ministerial act for purposes of governmental immunity.

The governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996 (101) *et seq.,* primarily addresses the immunity of governmental agencies from tort liability. MCL 691.1407; MSA 3.996 (107). The present case involves the individual tort immunity of officers, employees, and agents of a governmental agency. Because the governmental immunity act does not address that issue, the existence and scope of individual immunity for state employees has been judicially determined. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). See also *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986).

In *Ross,* our Supreme Court held that judges, legislators, and the highest executive officials of all levels of government are absolutely immune from tort liability whenever they are acting within their judicial, legislative, or executive authority. The Court then held that lower level officials, employees, and agents are immune from tort liability only when they are:

> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority,

2) acting in good faith; and

3) performing discretionary, as opposed to ministerial acts. [*Ross, supra,* pp 633-634.]

Because defendant is not within the class of individuals to whom absolute immunity is granted, he must satisfy the three-prong test to avoid tort liability for any wrongful conduct. There is no allegation that defendant was acting beyond the scope of his authority or in bad faith. Therefore, the dispositive issue in determining defendant's liability is whether his surgical assistance amounted to a discretionary, as opposed to a ministerial, act. *Id.,* pp 634-635.

The difference between the two terms was explained in *Ross:*

In a nutshell, the distinction between "discretionary" and "ministerial" acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making. [*Id.,* p 635.]

This Court has observed that the *Ross* Court's distinction

provides no "bright line" standard by which the determination whether an employee was performing a discretionary or ministerial act can be made. [*Davis v Lhim (On Remand),* 147 Mich App 8, 11; 382 NW2d 195 (1985).]

The *Ross* Court did specify that

to determine the existence and scope of the individual's immunity from tort liability in a particular situation, the specific acts complained of, rather than the general nature of the activity, must be examined. [*Ross, supra,* p 635.]

The act complained of in the present case is the surgery, specifically the wound retraction allegedly performed by defendant. There is no allegation that the decision to perform the surgery was negligent. Plaintiff alleges, rather, that it was improperly executed. The *Ross* Court indicated that this was a significant distinction in determining the nature of the activity:

> An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act, which must be performed in a nontortious manner. [*Ross, supra,* pp 634-635.]

Similarly, this Court has specifically addressed the medical arena and has stated that, while medical decisions are discretionary in nature, the execution of those decisions is a ministerial act. *Brown, supra,* 307; *Tobias v Phelps,* 144 Mich App 272, 281; 375 NW2d 365 (1985), lv den 424 Mich 859 (1985). Because the act complained of is the execution of a surgical procedure, defendant is not entitled to immunity.

Reversed and remanded for further proceedings.

M. WARSHAWSKY, J., concurs in the result only.