TRIMPER v HEADAPOHL

Docket No. 87209. Submitted June 10, 1987, at Detroit. Decided
August 17, 1987. Leave to appeal applied for.

David Trimper slipped and fell while walking home from a
neighborhood tavern. As a result of a phone call by a neighbor,
Detroit Police Officers Dan Headapohl and Michael Yaklin
were sent to the scene. The officers, rather than calling an
ambulance or taking Trimper to the hospital, took Trimper to
the vestibule of his rooming house. Trimper thereafter spent
seventeen days in the hospital as a result of his injuries and
exposure. Trimper brought an action for damages in Wayne
Circuit Court against the officers and the City of Detroit,
alleging that when the officers found him he was intoxicated
and severely injured. Count I of the complaint was based on the
alleged negligent breach by the officers of the duty of ordinary
care. Count II of the complaint claimed that the failure to
provide proper treatment constituted a violation of his civil
rights and gave rise to a right to damages under 42 USC 1983.
The trial court, Thomas J. Foley, J., granted summary disposi-
tion in favor of the individual defendants on the negligence
count on the ground of governmental immunity, holding that
the decision of the officers as to whether to take plaintiff to a
medical facility was a discretionary act, and granted summary
disposition as to all defendants on the civil rights count on the
basis that plaintiff had no constitutional right to be taken to
the hospital. Plaintiff appealed.

The Court of Appeals *held:*

1. Since the police department had an established policy
requiring an officer who encountered a person who was inca-

REFERENCES

Am Jur 2d, Civil Rights §§ 16-21.
Am Jur 2d, Municipal, School, and State Tort Liability §§ 45-50, 243
*et seq.*
Am Jur 2d, Negligence §§ 98, 211.
Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*
Vicarious liability of superior under 42 USCS § 1983 for subordi-
nate's acts in deprivation of civil rights. 51 ALR Fed 285.
Immunity of public officer from liability for injuries caused by
negligently released individual. 5 ALR4th 773.

pacitated because of intoxication and who posed a substantial danger to himself to place that person in protective custody and ensure that the person was conveyed to a designated facility, the decision of the defendant officers not to see that plaintiff was transported to a hospital was a ministerial rather than a discretionary act. Accordingly, it was error to grant summary disposition in favor of the officers on the negligence count on the basis of governmental immunity.

2. It was not error to grant summary disposition in favor of defendant officers on the civil rights count, since the failure of the officers to provide medical assistance was, at most, negligence and not a denial of any constitutional right. Ordinary negligence alone will not support a 42 USC 1983 claim.

3. Summary disposition in favor of the city on the civil rights count was proper because plaintiff failed to show that the action of the officers in failing to provide medical assistance was affirmatively linked to some plan or policy adopted by the city.

Affirmed in part, reversed in part and remanded.

1. GOVERNMENTAL IMMUNITY — MINISTERIAL ACTS — POLICE OFFICERS — MEDICAL TREATMENT.

The action of a police officer in taking an individual home rather than to a health care facility is a ministerial act rather than a discretionary act where the police officer has reason to believe that the person is intoxicated and is injured such that his health and safety is impaired and the police department has a policy that all officers shall take persons who are intoxicated and injured to the extent that their health and safety is in danger into protective custody and transport them to a designated service facility.

2. CIVIL RIGHTS — DEPRIVATION OF MEDICAL TREATMENT — NEGLIGENCE.

Ordinary negligence in failing to provide medical treatment will not support a civil rights claim under 42 USC 1983 for deprivation of medical treatment.

3. CIVIL RIGHTS — ACTIONS — MUNICIPALITIES — RESPONDEAT SUPERIOR.

A municipality cannot be found liable in an action for deprivation of the civil rights of an individual where the claim is based upon the theory of respondeat superior; the municipality must be sued directly and liability must be based upon an official policy which has been adopted by the municipality; the plaintiff must show an affirmative link between the misconduct com-

plained of and the adoption of the plan or policy adopted by the municipality.

*Alan L. Kaufman,* for plaintiff.

*Donald Pailen,* Corporation Counsel, and *William Woodward* and *Salina Nelson,* Assistant Corporation Counsel, for defendants.

Before: SHEPHERD, P.J., and M. J. KELLY and C. M. FORSTER,* JJ.

M. J. KELLY, J. Plaintiff appeals as of right the trial court's grant of summary disposition on both counts of his claim. We reverse in part and affirm in part.

Plaintiff, on the bitterly cold night of January 10, 1982, while walking home from a neighborhood tavern, suffered a slip and fall. As a result of the fall plaintiff, who alleged in his complaint that he was profoundly intoxicated, suffered severe injuries, including multiple fractures to his leg and severe frostbite. After a neighbor heard plaintiff moaning and saw him crawling on the sidewalk, she called 911 and told the dispatcher that an injured man was on the sidewalk.

Defendants, Detroit Police Officers Dan Headapohl and Michael Yaklin, responded to a radio run for "one down," a term used to indicate that a man is lying in the street for no apparent reason. Both officers recognized that plaintiff was intoxicated. However, rather than conveying plaintiff to a hospital or radioing for an ambulance, the officers took plaintiff to the building where plaintiff had a rented room and left him in the vestibule. Sometime later in the day plaintiff was taken to Saratoga General Hospital where he was hospital-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ized for seventeen days for treatment of his injuries. This lawsuit followed.

Count I of plaintiff's amended complaint alleged that Officers Headapohl and Yaklin breached their duty of ordinary care to plaintiff by negligently failing to provide him proper assistance (transportation to a hospital or calling for an ambulance), when the officers had actual knowledge that plaintiff was intoxicated and suffering from severe injury. Count II alleged that it was a custom, a policy or an order given by a supervising police officer that authorized police officers to conduct themselves in the manner in which Headapohl and Yaklin did and that this custom, policy or order caused plaintiff serious injuries depriving him of his civil rights.

On August 9, 1985, the trial court granted defendants Headopohl's and Yaklin's motion for summary disposition on Count I. The trial court held that determination by police officers of the extent of injuries suffered and whether hospitalization was required was a discretionary act entitling the officers to immunity from tort liability.

On December 20, 1985, plaintiff was allowed to amend his complaint for the second time. However, the trial court would not allow the amendment to include Count III, a nuisance claim against the City of Detroit. Plaintiff has not appealed that decision and it is therefore not considered here.

On January 22, 1986, the trial court dismissed the remaining civil rights count against defendants. The trial court ruled that plaintiff had no constitutional right to be taken to a hospital by the police which would support a 42 USC 1983 claim.

Plaintiff's first argument is that the trial court erred in determining that the police officers were

engaged in a discretionary function and thus immune. We agree and reverse on this issue.

There was no question raised as to whether or not the defendant police officers were acting in good faith and in the course and scope of their employment. The only issue was whether their acts were ministerial (open to liability) or discretionary (immune). See *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984); *Bandfield v Wood,* 421 Mich 774; 364 NW2d 280 (1985).

Where low level government officials, employees or agents, including police officers, act in a way that falls short of established procedures, the complained of acts are ministerial. *Bandfield, supra* at 775-776.

Detroit Police Department Procedures, Volume III, § 17.2, provides in part:

> Officers encountering a person who is incapacitated due to alcohol, and has his mental and physical functioning so impaired that he poses an immediate or substantial danger to his own health and safety or is endangering the health and safety to the public, shall take that person into protective custody and ensure that he is conveyed to a designated service facility.
>
> *     *     *
>
> An officer has performed his duty properly when the incapacitated person is delivered to an approved service facility and the signature of a member of the staff acknowledging that the person has been admitted is obtained on a receipt, which is provided by the service facility. The receipt shall be mailed to the Records and Statistics Section through department mail. The officer shall make an appropriate entry on the activity log sheet. No other department report shall be made.

The motion for summary disposition was

granted pursuant to MCR 2.116(C)(8), for failure to state a claim. A motion for summary disposition for failure to state a claim tests the legal basis of the complaint. All factual allegations in the complaint are taken as true, and, unless the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recover, the motion should be denied. *Harper v Inkster Public Schools,* 158 Mich App 456, 458-459; 404 NW2d 776 (1987).

Here, since plaintiff pled that the officers knew he was intoxicated and severely injured, the actions of the police officers fell short of established procedures for dealing with plaintiff. The trial court erred in granting defendant's motion for summary disposition on Count I.

Plaintiff next argues that the trial court erred in granting summary disposition on plaintiff's Count II, the 42 USC 1983 civil rights claim. Plaintiff contends that the failure of the officers to convey him to a hospital not only violated departmental regulations, but also deprived him of his constitutional rights. The cases cited by plaintiff to bolster his argument that he has a constitutional right to medical care involve prisoners or detainees. Where detainees are concerned, failure to provide adequate medical care has due process implications. In the case of prisoners, the constitutional prohibition against cruel and unusual punishment is implicated when a prisoner is denied adequate medical care. See *Tobias v Phelps,* 144 Mich App 272; 375 NW2d 365 (1985), involving a detainee at a state mental hospital; *Estelle v Gamble,* 429 US 97; 97 S Ct 285; 50 L Ed 2d 251 (1976), involving a denial of medical care to a prisoner; *Brewer v Perrin,* 132 Mich App 520; 349 NW2d 198 (1984), involving a detainee; *Mosqueda v Macomb Co*

*Youth Home,* 132 Mich App 462; 349 NW2d 185 (1984), also involving a detainee.

The problem with plaintiff's reliance on these cases is that he was never imprisoned or held in custody, even briefly, by defendants Headapohl and Yaklin. All medical care cases arising under 42 USC 1983 involve plaintiffs who were prisoners or detainees and suggest that the condition of imprisonment or detention presents special circumstances giving rise to the state's duty to provide medical care. Those circumstances are not present here. See *Hill v Saginaw,* 155 Mich App 161; 399 NW2d 398 (1986); *Rushing v Wayne Co,* 138 Mich App 121; 358 NW2d 904 (1984), lv gtd 424 Mich 876 (1986); *Brewer, supra; Estelle, supra.*

Headapohl's and Yaklin's failure to provide medical care to plaintiff was, at most, mere negligence and not a denial of a constitutional right. Ordinary negligence alone will not support a 42 USC 1983 claim. See *Daniels v Williams,* 474 US 327; 106 S Ct 662; 88 L Ed 2d 662 (1986); *Hill, supra* at 171.

The trial court's summary disposition of the civil rights claim against defendants Hedapohl and Yaklin was proper, since plaintiff was never held in custody by defendants, never informed defendants about the extent of his injuries, and failed to show that defendants' actions amounted to wanton and callous disregard or a deliberate indifference to his medical needs. See *Estelle, supra* at 105; *Brewer, supra* at 529.

Summary disposition of the civil rights claim in favor of defendant City of Detroit was also proper. A municipality cannot be found liable for deprivation of civil rights under 42 USC 1983 on a respondeat superior theory; the municipality must be sued directly and liability must be based upon an official policy. *Hill, supra* at 171. Plaintiff must

show an affirmative link between the misconduct complained of and the adoption of a plan or policy by governmental agency, showing defendant's authorization or approval of such conduct. *Rushing, supra* at 139. Here, plaintiff failed to plead any facts in support of his assertion that defendants' alleged indifference to plaintiff's medical needs was a result of a custom, policy or order of defendant City of Detroit. Mere conclusions, without factual allegations to support them, will not withstand a motion for summary disposition. See *Central Advertising Co v Novi,* 91 Mich App 303; 283 NW2d 730 (1979).

Affirmed in part, reversed in part and remanded.