**ESTATE OF Gregory Scott TITTIGER, by his Personal Representative, M. Frederick TITTIGER, Plaintiff,**

v.

**Edwin James DOERING, Irving Hamilton, Gerald L. Smith, Chief of Police, South Lyon Police Department, in their individual capacity and official capacities, Defendants.**

Civ. A. No. 87–CV–70192–DT.

United States District Court,
E.D. Michigan, S.D.

Jan. 27, 1988.

---

Ronald W. Carlson, Ann Arbor, Mich., for plaintiff.

Mark S. Baumkel, Troy, Mich., for defendants.

DUGGAN, District Judge.

## OPINION

Plaintiff, the Estate of Gregory Scott Tittiger, by M. Frederick Tittiger, Personal Representative, brings this action under 42 U.S.C. § 1983, against the South Lyon Police Department, police officer Edwin J. Doering, Irving Hamilton, and Gerald L. Smith, Chief of Police. Plaintiff also asserts state law claims for negligence against defendants.

Plaintiff alleges that on the night of July 14, 1984, the decedent, Gregory Tittiger, a nineteen-year old, attended a party and consumed an extensive quantity of alcohol. The decedent left the party at approximately 2:00 a.m., in an automobile driven by Tim Klamik. Plaintiff asserts that the decedent placed his bicycle in the car because he believed that he was too intoxicated to ride it home.

Officer Doering stopped the car driven by Klamik approximately ten minutes later. Officer Doering administered several sobriety tests to Klamik, and then directed him to drive directly home, and to use the back roads. Plaintiff alleges that defendant Doering also directed the decedent to remove his bicycle from Klamik's automobile, and to ride it home. Approximately 15 minutes later, an allegedly drunk driver, Ronald Shockey, struck and killed the decedent while he was riding his bicycle.

Plaintiff brought the present action, alleging that defendant Doering violated 42 U.S.C. § 1983 by depriving plaintiff of his rights to freedom of association, travel, privacy, security, and life and liberty without due process (Count I); that defendant Doering acted negligently in ordering plaintiff to ride his bicycle home, without ascertaining whether the decedent was sober enough to ride safely (Count II); that defendant Gerald Smith and the South Lyon Police Department failed to train and supervise defendant Doering adequately, and failed to establish adequate policies for protecting the passengers of drunk drivers (Count III); that defendant Smith was grossly negligent in failing to train and supervise adequately, and in failing to es-

tablish policies for protecting the passengers of drunk drivers (Count IV); and that defendant Doering, acting under the supervision of defendant Smith, exceeded the scope of his authority in ordering the decedent to ride his bicycle home (Count V).

Currently defendants have filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).[1] On a Rule 12(b)(6) motion, the Court must treat all factual allegations in the Complaint as true. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The Court should dismiss the action only if it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987), *citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff opposes the Motion to Dismiss, and requests that, if the Court grants defendants' motion, that it also grant plaintiff leave to file an Amended Complaint.

## I. Claims Under 42 U.S.C. § 1983.

### A. Officer Doering (Count I)

■ To state a claim under § 1983, three elements must be present: (1) the conduct at issue must have been under color of state law; (2) the conduct must have caused a deprivation of constitutional rights; and (3) the deprivation must have occurred without due process of law. *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 279 (6th Cir.1987).

In the present case, the parties do not dispute that defendant Doering was acting under color of state law at the time the conduct of which plaintiff complains occurred. Defendants assert that the claim should be dismissed because no "special relationship" existed between either the criminal and the victim or the state and the victim as opposed to the public at large. The Sixth Circuit has held that absent such a special relationship, no due process viola-

tion can occur. *Janan v. Trammell*, 785 F.2d 557, 560 (6th Cir.1986).

Plaintiff asserts that a special relationship existed between Officer Doering and the decedent because of an association between them before the night of the accident, and because Officer Doering, by ordering the decedent to ride his bicycle home, placed plaintiff in a position of danger.

■ The Court finds that a "special relationship" between a victim and the state, as required for a due process claim, is alleged sufficiently to withstand a Motion to Dismiss under Fed.R.Civ.P. where the state actor is alleged to have placed the victim in the situation which caused his or her injury, and then to have failed to protect the victim. *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 281 (6th Cir.1987) (relationship was demonstrated by the state officers' acts in facilitating the crime; the officers provided the criminal with the necessary means and the specific opportunity to commit the crime); *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir.1982) (*dictum*).

■ In the present case, plaintiff has alleged that defendant Doering forced the decedent, while the decedent was intoxicated, to ride a bicycle (which had no lights) at night. Thus, plaintiff has alleged that defendant Doering placed the decedent in a position of danger, and then did nothing to protect him. The Court finds that plaintiff has sufficiently alleged a "special relationship," and plaintiff's claim cannot be dismissed on this basis.

■ Defendants' second argument for dismissal of the § 1983 claim against defendant Doering is that plaintiff has alleged mere negligence on the part of defendant Doering, and that merely negligent conduct is insufficient to state a claim for violation of § 1983.

In *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277 (6th Cir.1987), the Sixth Circuit held that allegations of gross

---

**1.** Defendants titled their motion "Motion for Summary Judgment pursuant to Fed.R.Civ.P. 12(b)(6)." Because the defendants rely on the allegations of the Complaint, without reference to any deposition testimony, affidavits, or similar evidence, the Court will treat the motion as a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).

negligence and arbitrary use of government power were sufficient to state a claim for violation of due process. *Nishiyama* at 282.

In the present case, the plaintiff's § 1983 claim against Officer Doering alleges that defendant Doering acted willfully in depriving the decedent of his constitutional rights. The Court believes that the facts, taken in a light most favorable to the plaintiff, are sufficient to constitute a claim that defendant Doering acted with at least gross negligence,[2] and arbitrarily used his government power to deprive the decedent of his life and liberty without due process. Therefore, plaintiff has stated a claim under § 1983 for the decedent's deprivation of life and liberty without due process,[3] and defendant Doering's Motion to Dismiss must be denied.

**B. South Lyon Police Department and Gerald T. Smith (Count III)**

Plaintiff alleges that the South Lyon Police Department, and its Chief of Police, defendant Smith, are liable under § 1983 for inadequately training and supervising Officer Doering and for failing to establish (or establishing inadequate) policies to protect the safety of passengers in vehicles driven by drunk drivers.

Defendants seek dismissal of the § 1983 claims against the Police Department and defendant Smith on the grounds that no special relationship existed between the decedent and either the police department or defendant Smith.

■ The correct inquiry, however, is not whether a relationship existed between the defendants and the victim, but whether a "special relationship" existed between the *state* and the victim (as opposed to the public at large). *Janan v. Trammell*, 785 F.2d 557, 560 (6th Cir.1986). As stated earlier in this Opinion, the requisite relationship is demonstrated by alleging that the State actor (in this case, defendant Doering) placed the victim in the situation which caused his injury, and then failed to protect him. *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 281 (6th Cir.1987). Accordingly, plaintiff's § 1983 claims against the police department and defendant Smith cannot be dismissed on this basis.

■ The Court finds, however, that plaintiff has failed to state a claim for violation of § 1983 against the police department or defendant Smith, for failure to train and supervise employees adequately or for failure to adopt policies to deal with passengers in automobiles driven by drunk drivers.

■ The Court believes that, to impose liability on a police department or a Chief of Police for inadequate training of a police officer, such failure to train must amount to a reckless disregard for or a deliberate indifference to the rights of persons. *See* Opinion of Dissenting Justices in *Springfield v. Kibbe*, — U.S. —, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987). If all of plaintiffs' allegations are proven, such conduct would not amount to a reckless disregard for or a deliberate indifference to the rights of individuals.

Therefore, defendants' Motion to Dismiss plaintiff's claims under § 1983 against the defendant Police Department and defendant Smith must be granted.

2. The present case is distinguishable from *Trimper v. Headapohl*, 162 Mich.App. 320, 412 N.W.2d 731 (1987), cited by plaintiff. In *Trimper*, the defendant officers responded to a call that an injured man (the plaintiff) was lying on the sidewalk. The defendants recognized that plaintiff was intoxicated, but did not escort the plaintiff to a hospital. Instead, the officers conveyed plaintiff to his apartment building and left him in the vestibule. The plaintiff in *Trimper* asserted that the police officers had deprived him of his constitutional rights to medical care and to due process. The Court of Appeals dismissed the plaintiff's claim, holding that the defendants had acted with *mere negligence*, and had not deprived plaintiff of a constitutional right.

3. Because plaintiff has stated a claim under § 1983 for the decedent's deprivation of life and liberty without due process, the Court does not consider whether plaintiff has alleged a violation of § 1983 for the alleged infringement of plaintiff's rights to travel, to privacy, and to freedom of association.

## II. State Law Claims

### A. Officer Doering (Count II)

■ Plaintiff asserts that defendant Doering is liable under state law for his negligence in requiring the decedent to ride a bicycle, with no lights, at night, while the decedent was intoxicated. Defendant Doering seeks dismissal of the negligence claim, on the grounds that his decision not to take the decedent into protective custody was a discretionary act, requiring personal deliberation and judgment, for which defendant is entitled to immunity.

*Ross v. Consumers Power*, 420 Mich. 567, 363 N.W.2d 641 (1984), provides that lower level governmental employees, such as Officer Doering, are immune from tort liability only when they are:

(1) acting during the course of their employment and acting or reasonably believing they are acting within the scope of their authority;

(2) acting in good faith; and

(3) performing discretionary as opposed to ministerial acts.

*Ross* at 592, 363 N.W.2d 641.

It is undisputed that Officer Doering was acting in the course of his employment. There is no allegation that he was not acting in good faith. To determine whether defendant Doering's actions are protected by governmental immunity, it is necessary to determine whether his actions were discretionary or ministerial.

Plaintiff asserts that Officer Doering failed to follow established police procedures when he directed plaintiff to ride his bicycle while intoxicated. Accepting plaintiff's allegations as true, for the purposes of this motion, the Court believes that defendant Doering's conduct could be deemed "ministerial," and thus defendant Doering would be deprived of the defense of governmental immunity. *Trimper v. Headapohl*, 162 Mich.App. 320, 412 N.W.2d 731 (1987). Therefore, defendants' Motion to Dismiss must be denied.

### B. South Lyon Police Department and Chief of Police Smith (Count IV)

■ Plaintiff also seeks to hold defendant Smith, the Chief of Police, liable for negligence in failing to train and supervise defendant Doering properly, and in failing to establish guidelines which would have protected the decedent. (Plaintiff concedes that he has no state law claim against the defendant police department).

The Court finds that the defendant's decision regarding the manner in which to train and supervise employees was made in good faith, in the course of defendant's employment, and involved the exercise of defendant Smith's discretionary and decision-making authority. *Layton v. Quinn*, 120 Mich.App. 708, 721, 328 N.W.2d 95 (1983). The Court further finds that defendant Smith's decision not to adopt guidelines, or to adopt "inadequate" guidelines and policies for protecting the passengers of drunk drivers, when the drunk drivers are allowed to continue to drive, was a discretionary act, entitling defendant Smith to immunity. Therefore, defendant Smith is entitled to governmental immunity, and defendant Smith's Motion to Dismiss plaintiff's state law claim must be granted.

An Order reflecting the above will be issued.