WILLIAMS v THOMPSON

Docket No. 93832. Submitted May 6, 1987, at Lansing. Decided July 18, 1988. Leave to appeal applied for.

   Scott E. Williams was involved in a minor automobile accident, to which Douglas Ehle, a police officer for the City of Rochester, responded. Ehle determined from observing Williams that Williams was not intoxicated and did not administer a Breathalyzer or motor coordination test to Williams. Williams complained of stomach cramps and told Ehle he could not drive, whereupon Ehle agreed to transport Williams to the police station. Upon their arrival at the station, Ehle directed Williams to a chair in the lobby and telephoned Williams' mother, who said she would come to the station to get her son. Before Williams' mother arrived, Williams voluntarily left the police station and walked away. No attempt was made to stop Williams nor to inquire as to where he was going. When Williams' mother arrived, she was told that Williams had walked away and the direction in which he went. Allegedly, she was told he could not have gone far because he was too drunk to walk. Approximately two hours after leaving the station, Williams was struck and severely injured by a car driven by Floyd W. Thompson as Williams was walking down Hamblin Road. Williams was taken to the hospital for emergency treatment, where the attending physician noted that Williams was visibly intoxicated, with a strong alcoholic odor coming from him. Williams filed suit against Floyd Thompson and others, including the City of Rochester and Douglas Ehle, in Oakland Circuit Court. Plaintiff asserted inter alia that the City of Rochester and Ehle violated his civil rights under 42 USC 1983 and 1988 by failing to provide or enforce adequate rules and regulations for taking persons into protective custody. Plaintiff alleged that, by negligently failing to detain plaintiff in his known intoxicated condition and by their callous indifference for his safety, defendants City of Rochester and Ehle contributed to exposing him to danger, which was a proximate cause of his

REFERENCES
Am Jur 2d, Summary Judgment §§ 26 et seq.
See the Index to Annotations under Summary Judgment.

injuries. Defendants City of Rochester and Ehle moved for summary disposition alleging that they were entitled to governmental immunity from liability for negligence and that they had not violated plaintiff's civil rights. The court, Richard D. Kuhn, J., granted summary disposition in favor of defendants City of Rochester and Ehle. Plaintiff appealed. The Court of Appeals, in an unpublished opinion per curiam, decided October 15, 1987 (Docket No. 93832), affirmed the decision of the trial court. Rehearing was subsequently granted by the Court of Appeals.

On rehearing, the Court of Appeals *held:*

1. The claim against the City of Rochester for violation of plaintiff's civil rights under 42 USC 1983 was properly dismissed. Plaintiff failed to sue the city directly for liability based upon an official policy and was not permitted to sue under a theory of respondeat superior for deprivation of civil rights under 42 USC 1983. Plaintiff also failed to allege that Ehle's conduct was authorized or approved by policy or custom of the city, thereby precluding his recovery against the city under 42 USC 1983.

2. The trial court's grant of summary disposition in favor of Ehle on the ground that there was no genuine issue as to any material fact and that Ehle was entitled to judgment as a matter of law is reversed. Plaintiff's claim was not so deficient as to have been unsupportable at trial. Construing the depositions and affidavits in a light most favorable to plaintiff, a trier of fact could find a violation of the police department's own policies to take an intoxicated person into custody. It could also find a violation of the statute requiring law enforcement officers to take persons incapacitated by intoxication into protective custody. The summary disposition entered by the circuit court in favor of defendant Ehle is reversed.

Affirmed in part and reversed in part.

WEAVER, P.J., concurred but wrote separately to point out that the majority opinion omitted a crucial portion of the definition of "incapacitated" as defined in Article 6 of the Public Health Code and that the trier of fact must determine whether the testimony is sufficient to show that plaintiff appeared to Officer Ehle to be so impaired as a result of the use of alcohol that he posed an immediate threat to his own health and safety or to the health and safety of the public.

JUDGMENTS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

It is error for a trial court to grant summary disposition in favor of a defendant on the ground that, except as to the amount of

damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law where the plaintiff's claim is not so deficient as to be unsupportable at trial (MCR 2.116[C][10]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz* and *Richard D. Fox*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Richard B. Poling, Jr.,* and *Robert D. Brignall*), for City of Rochester and Douglas Ehle.

Before: WEAVER, P.J., and M. J. KELLY and J. R. KIRWAN,* JJ.

M. J. KELLY, J. This Court issued its unpublished per curiam opinion in this matter on October 15, 1987, which affirmed the decision of the trial court. Thereafter by split decision an order was entered granting rehearing as a majority of the panel was persuaded that this case should be revisited in the light of the recent decision in *Morse v City of Mount Pleasant,* 160 Mich App 741; 408 NW2d 541 (1987).

We affirm the trial court's dismissal of plaintiff's claim against the City of Rochester for violation of his civil rights under 42 USC 1983 for reasons stated in our prior opinion. Cf. *Daniels v Williams,* 474 US 327; 106 S Ct 662; 88 L Ed 2d 662 (1986).

We reverse the court's entry of summary disposition in favor of defendant-appellee Douglas Ehle under MCR 2.116(C)(10) because plaintiff's claim was not so deficient as to have been unsupportable at trial. Plaintiff testified to being intoxicated, indicating that he had consumed a pint of whiskey and two quarts of beer. Plaintiff's mother, who had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not been deposed but whose affidavit had been
submitted in support of plaintiff's claim, swore
that she received a call from the Rochester Police
Department telling her that her son was intoxi-
cated and to come down to pick him up. She states
that when she arrived at the police station she
was told by the officer that her son could not have
gone far because he was "too drunk to walk."
Witness Heft testified that she contacted the po-
liceman because she observed plaintiff's vehicle
swerving, running off the pavement two or three
times, and crossing the center line. She testified
that plaintiff's appearance was that of a person in
a daze, his eyes were glassy, he did not seem to
know where he was, he walked slowly and aim-
lessly, and talked in an ambling, slow, drawling
way.

Construing the depositions and affidavits in a
light most favorable to plaintiff, a trier of fact
could find a violation of the police department's
own policies to take an intoxicated person into
custody. It could also find a violation of the statute
under state law, MCL 333.6501(1); MSA
14.15(6501)(1), which states in part:

An individual who appears to be incapacitated
in a public place shall be taken into protective
custody by a law enforcement officer and taken to
an approved service program, or to an emergency
medical service, or to a transfer facility pursuant
to subsection (4) for subsequent transportation to
an approved service program or emergency medi-
cal service.

MCL 333.6104; MSA 14.15(6104) defines incapac-
itated as being "so impaired that he or she either
poses an immediate and substantial danger to his
or her own health and safety or is endangering the
health and safety of the public."

It is for the trier of fact to determine whether
under the conflicting evidence the testimony of

plaintiff and of Crystal Heft showed an individual so impaired that he posed an immediate threat to his own health and safety. The jury could also find, based upon plaintiff's mother's version, that defendant Ehle was aware of plaintiff's intoxicated condition, having communicated that fact to plaintiff's mother. See also *Morse v City of Mount Pleasant, supra,* and *Trimper v Headapohl,* 162 Mich App 320; 412 NW2d 731 (1987).

The summary disposition entered by the circuit court in favor of defendant Douglas Ehle only is reversed.

Affirmed in part and reversed in part.

J. R. KIRWAN, J., concurred.

WEAVER, P.J. *(concurring).* I concur.

I agree that the differing testimony given by officer Ehle and plaintiff's mother raises a question of material fact which should go to the trier of fact.

I also agree that MCL 333.6501(1); MSA 14.15(6501)(1) is controlling. However, the majority opinion omits a crucial portion of the definition of "incapacitated." MCL 333.6104(3); MSA 14.15(6104)(3) states in full:

> "Incapacitated" means that an individual, *as a result of the use of alcohol,* is unconscious or has his or her mental or physical functioning so impaired that he or she either poses an immediate and substantial danger to his or her own health and safety or is endangering the health and safety of the public. [Emphasis added.]

The trier of fact must determine whether the testimony is sufficient to show that plaintiff appeared to Officer Ehle to be so impaired *as a result of the use of alcohol* that he posed an immediate threat to his own health and safety or to the health and safety of the public.